IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00157-LTB

JEREMY PINSON,

    Plaintiff,

    v.

RICHARD MADISON,
PATRICIA RANGEL,
DAVID BERKEBILE,
S. KUTA,
MICHELLE BOND,
OFFICER J. JOHNSON,
OFFICER SHEPHERD,
PAUL ZOHN,
BLAKE DAVIS,
A. BALSICK,
G. SANDUSKY,
OFFICER DAVIS,
OFFICER TERSKA,
K. ESPENSEN, and
A. OSAGIE,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

On July 31, 2013, Plaintiffs Jeremy Pinson and Erwin Villatoro, federal prisoners acting *pro se*, filed a pleading titled "Motion to Vacate Judgment and Expunge," ECF No. 16. In the Motion, clearly authored by Mr. Pinson and signed by both Plaintiffs, Mr. Pinson, on Mr. Villatoro's behalf, asks that the Court vacate the judgment entered in this action and construe the Motion in part as a motion to prohibit Mr. Pinson and

defendants from disclosing information about Mr. Villatoro.  The Court must construe the Motion liberally because Plaintiffs are *pro se* litigants.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. A Notice of Voluntary Dismissal of Plaintiff Villatoro, ECF No. 11, was filed on March 4, 2013, which under Rule 41(a)(1)(A) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary.  See J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).  Plaintiff Villatoro, therefore, was dismissed from the case as of March 4, 2013, the date the Notice was filed with the Court.

Mr.Villatoro's request for relief from judgment was filed more than twenty-eight days after he was dismissed from the action.  Therefore, the request will be considered as a Motion to Reconsider filed  pursuant to Fed. R. Civ. P. 60(b).  Relief under Rule 60(b) is appropriate only in extraordinary circumstances.  *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

After consideration of the Motion to Reconsider and the entire file, the Court finds that Plaintiffs fail to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action.

Plaintiffs seek to reinstate this case with respect to Mr. Villatoro because, even though Mr. Villatoro signed the Notice, Mr. Pinson did not have permission to send the Notice to the Court. This reason for reinstatement fails to demonstrate the existence of any extraordinary circumstances. First, four months have passed since Mr. Pinson filed a notice of voluntary dismissal and a judgment was entered in this action, but only now Mr. Villatoro challenges the judgment. Second, what appears to be the reason for reinstating Mr.Villatoro and his claims, the request to prohibit Mr. Pinson and Defendants from disclosing information about Mr. Villatoro, was not at issue in this action. Accordingly, it is

ORDERED that the Motion to Vacate Judgment and Expunge, ECF No. 16, is construed as a Motion to Reconsider pursuant to Fed. R. Civ. P. Rule 60(b) and is denied. It is

FURTHER ORDERED that the Court refrains from addressing any request for injunctive relief referred to in the construed Motion to Reconsider.

DATED at Denver, Colorado, this  28th  day of   August  , 2013.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court